Theodist **GRIMES** and Jeanette Grimes, Plaintiffs,

v.

**DEUTSCHE BANK NATIONAL TRUST, Company, as successor to Mortgageit Inc., Ocwen Loan Servicing LLC, Mortgage Electronic Registration Systems, Inc. (MERS), Trustees 1–100, and Does 1–100, Defendants.**

**Case No. 09–CV–22389.**

United States District Court, S.D. Florida, Miami Division.

Sept. 29, 2009.

---

Joshua Adam Bleil, Esq., Ticktin Law Group PA, Deerfield Beach, FL, for Plaintiffs.

Elizabeth Redchuk Wellborn, Esq., Deerfield Beach, FL, for Defendants.

## *ORDER GRANTING MOTION TO REMAND*

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Remand (DE # 16). After careful consideration and for the reasons detailed below, the Court determines that the Motion should be **GRANTED.**

This action was originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County on July 21, 2009, and was removed to this Court on August 12, 2009 based on federal question jurisdiction (DE # 1). Plaintiffs' Complaint does not plead any federal causes of action. Rather, it states eight state-law causes of action, and mentions federal issues in only three places: In paragraph 3 (under the "Jurisdiction and Venue" section), it defines Defendants as creditors within the meaning of federal regulations; in paragraph 32 (under the "General Allegations" section), it alleges that Plaintiffs were not provided with disclosures required by, *inter alia,* the Real Estate Settlement Procedures Act (RES-

PA); and in paragraph 95 (under the "Action to Quite Title" count), in explaining why Defendants are not entitled to enforce a mortgage, it alleges that Defendants violated the Truth in Lending Act (TILA) by failing to provide certain disclosures.

The exercise of this type of federal question jurisdiction, when purely state-law claims are pled that merely implicate issues of federal law, is governed by the Supreme Court's recent decision in *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). In *Grable*, the Court clarified that the determinative question in this instance is "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 315, 125 S.Ct. 2363. That is, "the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Id.* at 314, 125 S.Ct. 2363.

Although it appears doubtful that a resolution of the RESPA and TILA issues is even necessary to Plaintiffs' causes of action, the Court will assume so for the purposes of this motion. Thus, the question becomes whether resolution of the RESPA and TILA issues would disturb the congressionally approved balance of federal and state judicial responsibilities. The Court finds that it would. The complaint states only state-law actions and seeks only state-law remedies—the fact that some of those state-law claims may require a resolution of a federal issue does make this case fall within the purview of the federal courts. Congress could not have intended for every state-law action

that involved a federal issue to be brought in federal court. In fact, the Supreme Court has already considered an issue similar to that presented in the instant case. In *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), the Court held that federal question jurisdiction did not exist where state law made it negligence *per se* to violate a federal regulation, thereby requiring resolution of the federal issue in the state-law negligence claim. *Merrell Dow* is analogous to the instant case. Here, TILA does not provide for a private civil enforcement scheme, and expressly reserves to the states the ability to create their own civil enforcement mechanisms. Thus, exercising federal jurisdiction over state-law claims that require resolution of RESPA and TILA issues, but are not plead under RESPA and TILA, would be inconsistent with the congressional judgment about the sound division of labor between state and federal courts.

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Plaintiffs' Motion to Remand (DE # 16) is **GRANTED.** This case is hereby **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County.

2. All pending motions are **DENIED as MOOT.**

3. The Clerk shall **CLOSE** this case.